THE STATE OF MINNESOTA *ex rel.* CHAS. D. DAUWALTER and others *vs.* CHRIST. A. GOETZ.

August 21, 1877.

**Powers of the Officers of the Village of Carver.**—Under the act of February 17, 1877, incorporating the village of Carver, the entire control of the finances is vested in the village officers.

*Mandamus* to compel the treasurer of the village of Carver to pay the following order:

"$28.78.                                    CARVER, May 8, 1877.

"To the treasurer of the village of Carver: Pay H. R. Denny, or bearer, the sum of twenty-eight 78-100 dollars, out of any money in the treasury not otherwise appropriated.

"CHAS D. DAUWALTER,          ,

"Attest:                        Chairman Village Board.

"CHARLES JOHNSON, Recorder."          ·

[Carver village seal.]     ·

The treasurer refused to recognize the order, on the ground that neither the village council, nor the president thereof, had any authority to draw the same.

*L. L. Baxter* and *H. F. Masterson,* for relators.

*L. M. Brown,* for respondent.

GILFILLAN, C. J. The only question in this case arises under the very peculiar act of the legislature of February 17, 1877, entitled "An act to incorporate the village of Carver, in the county of Carver." Sp. Laws, *c.* 7. That act sets apart and incorporates the entire township of Carver as the village of Carver, and declares that it shall be incorporated and organized under the provision of chapter 139, Gen. Laws 1875, and purports to invest it with certain "special rights," among which is this provision: "The officers of said village shall. be *ex officio* town officers, and shall have the same powers as township officers now have, to-wit: three trustees, (one of whom shall be chairman,) treasurer, recorder, and assessor; shall have the same powers respectively as the supervisors, treasurer, town clerk, and assessor." § 3, sub. 3. As it is not to be supposed that the legislature intended by this provision to defeat or impair the general purpose of the act, to-wit, the incorporation of the town as a village, under the act of 1875, with the officers, and powers, and duties provided in that act, and as the act of 1877 does not define any powers or duties for these *ex officio* township officers, we cannot see what their duties and powers, as such, can be, unless there may be duties and powers pertaining to township officers not

absorbed by the village officers, provided in the act of 1875. If there be any such remaining, and not vested in the village officers, we have not been able to find them by examination of the act of 1875, and the statute regulating townships. At any rate, the "council" of the village, consisting of the president, the three trustees, and recorder, is by section 17, of the act of 1875, expressly made a board to audit all accounts payable by the village, and by section 2 moneys are to be paid only on the written order of the president, attested by the recorder, so that the control of all finances belongs to the village officers as such.

The alternative writ of *mandamus* is discharged.